UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALAMO LIGHTS, LLC, *d/b/a PrimeLights*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-187-RP |
| FOUR BROS LIGHTING AND BULBS, INC., | § § § § | |
| Defendant. | § § § | |

### ORDER

Before the Court is Plaintiff Alamo Lights, LLC's ("Alamo Lights") Motion for a Temporary Restraining Order and Preliminary Injunction. (Dkt. 2). Defendant Four Bros Lighting and Bulbs, Inc. ("Four Bros") has been served with the complaint and the motion, (Dkt. 7), but has not appeared. After considering the motion, the supporting evidence, and the relevant law, the Court finds that the motion should be granted in part.

### I. BACKGROUND

Alamo Lights is a Texas company that manufactures and sells lighting products. (Compl., Dkt. 1, at 2–3). According to its complaint, Alamo Lights uses the "PrimeLights" mark to identify its products, which are sold online both on Alamo Lights' own website (www.primelights.com) and on websites such as amazon.com ("Amazon"). (*Id.* at 3). Alamo Lights claims that Four Bros is selling similar but inferior lighting products online (including through Amazon) in such a way as to mislead customers into believing they are buying Alamo Lights' products. (*Id.* at 5–10). From these allegedly misleading business practices arise four causes of action: false designation of origin under 15 U.S.C. § 1125(a)(1)(A); false advertising under 15 U.S.C. § 1125(a)(1)(B); unfair competition in violation of Texas law; tortious interference with existing business relationships in violation of Texas law; and

1

tortious interference with prospective business relationships in violation of Texas law. (*Id.* at 10–15). On the same day it filed its complaint, Alamo Lights filed this motion for a temporary restraining order ("TRO") and a preliminary injunction, in which it asks the Court to enjoin Four Bros, without notice, from:

> (1) using, referring to, or displaying Plaintiff's trademarks "PrimeLights" and "Stingray" to sell, offer for sale, or advertise any commercial or industrial LED lighting products; (2) misrepresenting its products as Plaintiff's products or otherwise being associated with Plaintiff, and (3) Advertising, displaying, or communicating false or misleading specifications for its products, and (4) an order for Defendant to file with the Court and serve on Plaintiff within thirty (30) days a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a).

(*Id.* at 15). Alamo Lights' motion is accompanied by the sworn affidavit of the company's president, Tim McMillan ("McMillan"), and a number of supporting exhibits. (Dkt. 2-2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 permits the Court to issue a temporary restraining order without notice to the adverse party only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The party moving for a temporary restraining order must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The party seeking relief has the burden of proving each element. *Id.* Upon reviewing Alamo Lights' motion, the Court concludes that Alamo Lights has met its burden under Rule 65 and the Fifth Circuit's requirements.

## III. DISCUSSION

The Lanham Act creates civil liability for any person who "uses in commerce any word, term, name . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1). To prove infringement of an unregistered mark, a plaintiff "must first establish ownership in a legally [protectable] mark, and [then] show infringement by demonstrating a likelihood of confusion." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–36 (5th Cir. 2010) (citation and quotation marks omitted).

With respect to the false designation claim, McMillan declares that Alamo Lights has used the "PrimeLights" mark since March 2011 to brand its lighting products. (McMillan Aff., Dkt. 2-2, ¶¶ 3–12). Alamo Lights has presented evidence that Four Bros has marketed similar products under the brand name "rimeLights." (Amazon Screenshot, Ex. M2, Dkt. 2-2, at 76). Moreover, Alamo Lights has presented evidence that Four Bros markets its products on Amazon in a manner calculated to generate confusion between the two companies' products. For example, Four Bros labeled an overhead LED light as "6 Lamp LED High Bay Light 5000k Daylight White, Industrial Grade, Warehouse, Shop, Garage Lighting – UL Listed, DLC Approved" and displayed its light on an Amazon product sales page for a similar Alamo Lights product labeled in precisely the same way. (Amazon Screenshots, Ex. H1, Dkt. 2-2, at 37–38; *see also* McMillan Aff., Dkt. 2-2, ¶¶ 29–33 (describing the "piggybacking" of one product on another's Amazon page)). Alamo Lights has provided the Court with evidence that some customers have, in fact, mistakenly purchased Four

3

Bros' products when they were intending to buy Alamo Lights' products. (McMillan Aff., Dkt. 2-2, ¶¶ 37–39; Customer communications and reviews, Exs. J1–K2, Dkt. 2-2, at 52–70).

With respect to the false advertising claim, McMillan declares that Four Bros misrepresents the qualities of its inferior goods so that they appear to be of the same quality as Alamo Lights' products. (McMillan Aff., Dkt. 2-2, ¶¶ 42–43). Alamo Lights also offers evidence of consumers who were dissatisfied with Four Bros products that they bought by mistake when trying to buy Alamo Lights products. (*Id.* ¶¶ 37–39).

This evidence is sufficient at this stage to show that Alamo Lights is substantially likely to prove that it has a protectable mark and that Four Bros is infringing on that mark in a manner that is likely to cause confusion. This evidence is also sufficient to establish a substantial likelihood of success on Alamo Lights' false advertising claim. The Court agrees with Alamo Lights that it faces a substantial threat of irreparable harm to its reputation, goodwill, and customer relationships if Four Bros is permitted to continue its alleged practices. (Mot. TRO, Dkt. 2, at 8). Based on the evidence presented, harm to Alamo Lights' reputation and goodwill has been done before this action was filed and remains ongoing. (*See* Customer communications and reviews, Exs. J1–K2, Dkt. 2-2, at 52–70 (illustrating customer confusion and Alamo Lights' efforts to repair its customer relationships)). The Court further finds that enforcing the Lanham Act is in the public interest. Any burdens to Four Bros in complying with a temporary injunction are outweighed by the costs imposed on Alamo Lights by Four Bros' allegedly misleading trade practices.

Finally, Alamo Lights has met its burden to describe its efforts to give notice and the reasons why notice should not be required. Counsel certifies that he sent a copy of the complaint and this motion to Four Bros on March 2, 2018, and that *ex parte* relief is justified by the ongoing irreparable harm incurred by Alamo Lights. (Mot. TRO, Dkt. 2, at 11).

## IV. CONCLUSION

For the reasons given above, it is **ORDERED** that Alamo Lights' motion, (Dkt. 2), is **GRANTED IN PART**. The Court will therefore enter the following temporary injunctive relief:

1. Defendant Four Bros Lighting and Bulbs, Inc., shall not:

    a. Use the "PrimeLights" mark or any deceptively similar mark—such as "rimeLights"—to sell or advertise any commercial or industrial LED lighting product;

    b. Advertise or describe its products in a manner that could deceive or mislead a consumer to believe that its products are associated with Alamo Lights; or

    c. Advertise or describe its products using false or misleading specifications.

2. The Court will conduct a hearing on this matter on **March 27, 2018, at 1:00 p.m. CDT**. The hearing will take place at the United States District Courthouse, 501 West Fifth Street, Courtroom 4, Austin, Texas 78701. Four Bros must appear and show cause why this temporary restraining order should not be extended;

3. Alamo Lights shall serve Four Bros with this order on or before on **March 21, 2018**; and

4. Unless extended by the Court, this Order expires on **April 2, 2018, at 5 p.m. CDT**.

5. Pursuant to Federal Rule of Civil Procedure 65(c), Alamo Lights is required to post a $20,000.00 bond.

**SIGNED** on March 20, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE